J. T. Johnson and P. A. Nash, both of Oneonta, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

(137 So. 675)

## GARGUS v. STATE.

### 6 Div. 926.

Court of Appeals of Alabama.

Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

RICE, J.

Appellant, tried under an indictment charging him with murder in the first degree, was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years.

It was shown without dispute that he cut, or stabbed, with an ordinary pocketknife, and killed thereby, one Frank Jordan.

His plea was self-defense. It appears that appellant, with one Bracknell, and Dorsett, all riding in an automobile truck belonging to Bracknell, went to a place near the highway, where the same was hidden, and that some one of them, perhaps Dorsett, took a gallon jug of whisky, illicit, and contraband; perforce, claimed by the said Jordan, deceased; that appellant, with his two com-

512

panions named, drove, at night—for the whole occurrence was in the nighttime—several miles along the highway, a steep, mountainous, Blount county highway, with a jug of whisky aboard the truck; that the three of them were overtaken by Jordan, the deceased, and his companion, one Battles; that the car in which deceased was riding and the truck mentioned were both stopped; and that an altercation ensued, which culminated in a fight between deceased and appellant, in which fight appellant "cut deceased" with the knife we have referred to so that he died.

Under the circumstances we have outlined above, all clearly shown by the record, we are of the opinion, and hold, that all that was said and done by and between any of the parties referred to, with regard to the jug of whisky in question, from the time of the stopping of the two vehicles mentioned to the time of the actual "cutting" of deceased by appellant, was a part of the res gestæ, and that testimony of and concerning same was properly admissible in evidence. Rector v. State, 11 Ala. App. 333, 66 So. 857.

Testimony of the statement made by the deceased immediately or shortly after he was cut by appellant, to wit: "God in heaven help me," was excluded from the jury upon appellant's motion. Hence nothing in that regard is presented to us for decision.

We have examined critically each exception reserved on the taking of testimony other than those giving rise to what is said by us in the two next preceding paragraphs.

The rulings underlying same involve no more than elementary principles of the law of evidence. Most of them have been referred to in briefs filed here on appellant's behalf. But nothing has been advanced, by the competent counsel preparing said briefs, against the correctness of any one of said rulings amounting to more than said counsel's expressed dissatisfaction. We cannot see that any discussion of any of said rulings, by us, would be of benefit to appellant or the profession. Each of them appears, and we hold it is, obviously free from prejudicial error.

The trial court's oral charge was full, complete, and comprehensive. It was couched in language evincing a high degree of care to see to it that appellant's every legal right was safeguarded. Upon objection to portions of same, the learned trial judge readily withdrew the expressions that might have been construed as unfair to appellant, and substituted therefor other statements, above rightful criticism. The said oral charge, as finally delivered to the jury, was, we hold, cured of any defect, and subject to no meritorious exception.

In addition to the oral charge, the court gave at appellant's request twenty-nine writ-ten charges—some of them of unusual length. These, in connection with the said oral charge, fully, correctly, fairly, and completely covered every phase of the applicable law.

The substance of each of the written, requested, and refused charges, if neither incorrect, inapplicable, nor involved and confusing, nor otherwise imperfect, and properly refused, we find to be fully given to the jury in some other charge.

After a careful study of the record, we are persuaded, and hold, that no error of a prejudicial nature occurred during any of the proceedings.

The judgment of conviction is affirmed.

Affirmed.